FILED
 2011 Nov-30  PM 03:45
       U.S. DISTRICT COURT
           N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| BETTY GEAN GILCHRIST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-G-2356-NW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM OPINION</u>

This cause is before the court upon the plaintiff's motion to alter or amend. The plaintiff raises several arguments in her motion.

Plaintiff's first argument is that the ALJ was required to obtain the testimony of a medical expert under Social Security Ruling 83-20 ("SSR 83-2"). The plaintiff concedes that the record on appeal contains no medical records for treatment prior to the plaintiff's date of last insured status (DLI), March 31, 1986. In fact, the first treatment note in the record is dated February 22, 1989, almost 3 years after the plaintiff's

DLI .¹  In spite of the absence of medical records prior to be plaintiff's DLI, the plaintiff argues the following language from SSR 83-20 requires the use of a medical expert:

> In some cases, it may be possible, <u>based on the medical evidence</u> to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. <u>This judgment, however, must have a legitimate medical basis</u>.

SSR 83-20 (emphasis added).  In the present case there is no medical evidence that would allow a medical expert's opinion to have a legitimate medical basis.

In the first treatment note, dated February 22, 1989, Dr. Rainer states that the plaintiff was referred for evaluation of tachycardia.  He noted as follows: "She left from work and drove herself home.  Last night, when it became obvious that the palpitations were not going to stop by themselves, she came to the emergency room here." Record 162.  The treatment note indicates the plaintiff reported that she had experienced episodes "of her heart fluttering" for the past 10 years, but had never experienced chest pain or dyspnea during the episodes.  Record 162.  The treatment note states the plaintiff had not had these palpitations checked before the previous night.  Dr. Rainer diagnosed pre-excitation syndrome (Wolff-Parkinson-White syndrome).  Record 163.  Dr. Rainer recommended that the plaintiff discontinue smoking (she was smoking two packs per

---

¹ There is an EKG tracing in the record from December 30, 1986, but no accompanying treatment note.  Even this is nine months after the plaintiff's date of last insured status.

day) and to limit herself to 3 to 5 cups of regular coffee per day (she had reported drinking 8 to 10 cups of coffee every day). Record 163.

The court is unable to fathom how a medical expert could form a medical opinion about the plaintiff's ability to work three years prior to the first treatment record. Such an opinion would not be based upon a "legitimate medical basis," which is required by SSR 83-20. This is not a case where there is ambiguous medical evidence regarding the onset date of disability. There simply is no medical evidence prior to, or within three years after, the plaintiff's DLI. While SSR 83-20 provides that it might be possible in some cases "to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination," in the present case no reasonable inference can be drawn about the plaintiff's ability to work between plaintiff's alleged onset date of March 1, 1986, and March 31, 1986, based upon the medical evidence of record.

The plaintiff argues that because the Commissioner previously determined the plaintiff was disabled and entitled to SSI benefits with an onset date of November 1, 1989, the use of a medical expert was required.[2] Plaintiff argues this required the ALJ to utilize a medical expert to determine if the plaintiff was disabled prior to November 1989. However, the cases from other circuits cited by plaintiff were cases where the medical

---

[2] Although the plaintiff asserts in brief that these benefits were terminated in September 1991 due to the plaintiff failing to meet income and resource rules, the record cited does not indicate why plaintiff's benefits were terminated.

evidence regarding the onset date of disability was ambiguous.  In the present case, the medical evidence regarding the plaintiff's condition prior to her DLI is not ambiguous, but rather nonexistent.  Plaintiff's argument relies upon the need to determine an onset of disability when a plaintiff has a progressive medical condition, which has at some point in time reached a disabling level.  The inquiry in the present case would involve whether the plaintiff's condition became disabling between March 1 and March 31, 1986.  Without any contemporaneous medical evidence, any opinion given by a medical expert would be pure conjecture.

The presence of the prior claim (asserted to be for Supplemental Security Income) suggests if anything that the plaintiff was not disabled prior to her DLI.  Had the plaintiff believed she was disabled prior to March 31, 1986, it would be expected that she would have applied for those benefits concurrently with her SSI claim in 1989.  In fact, the Commissioner's regulations in effect at the time plaintiff was awarded SSI benefits provided that a claimant would not be eligible for SSI benefits unless they applied for any other benefits for which they might be eligible.  20 C.F.R. § 416.210(a)(1989).  Other benefits included Social Security insurance benefits.  20 C.F.R. § 416.210(b)(1989).  The regulation provides that the Social Security Administration "will tell you about any other benefits that we think you are likely to be eligible for."  20 C.F.R. § 416.210(c)(1989).  Therefore, it would be expected that the plaintiff would have been informed of her potential eligibility for disability insurance benefits in connection with her SSI claim.

The plaintiff also argues that a medical expert was required due to the lack of any medical opinion regarding the plaintiff's residual functional capacity. The plaintiff's argument is based upon case law from the First Circuit that requires a residual functional capacity assessment from an examining physician. This court refused to apply the "First Circuit Rule" to require a medical RFC assessment in all cases in <u>Langley v. Astrue</u>, 777 F. Supp 2d 1250 (N.D. Ala. 2011). This is not a case where the ALJ interpreted complex raw medical data to determine the plaintiff's RFC. Rather, the ALJ noted the absence of any medical records prior to 1989 to find the plaintiff not disabled prior to March 31, 1986. The Commissioner's regulations provide that the claimant must provide medical evidence showing the presence of an impairment and its severity during the time she alleges she is disabled. 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."). In the present case, neither ordering a consultative examination, nor the use of a medical expert would be likely to shed light upon the plaintiff's RFC in March 1986.

The plaintiff also argues that the law of this Circuit requires an RFC from a physician in order to deny benefits. Plaintiff's brief contains the following: "An ALJ cannot 'deny disability benefits without some <u>medical opinion</u> that in fact the claimant is capable of gainful employment.' <u>Goodley v. Harris</u>, 608 F.2d 234, 236 n.1 (5th Cir. 1979)(Emphasis added)." (Pltf's br. at 10.) The language quoted by plaintiff's attorney

does appear in the case.  However, it is taken grossly out of context.  Below is the quotation in context, with the text quoted by plaintiff's attorney in bold italics:

> At least one circuit has held that where there is medical proof of disability, the government cannot ***deny disability benefits without some medical opinion that in fact the claimant is capable of gainful employment.*** O'Bryan v. Weinberger, 511 F.2d 68 (6th Cir. 1975). This Court has often reversed decisions of the Secretary finding no disability where the uncontradicted medical evidence indicates that the claimant is disabled.

Goodley v. Harris, 608 F.2d 234, 236-37 (5th Cir. 1979) (bold italics indicate portion quoted by plaintiff's attorney).  Plaintiff's attorney failed to inform the court that the quoted language represented the holding of another circuit.  Nor did plaintiff's attorney inform the court that the holding of that circuit was limited to cases in which "there is medical proof of disability."  Id. at 236.  Nor did plaintiff's attorney inform the court that the sentence following the quoted clause shows that in the case before the Fifth Circuit, there was "uncontradicted medical evidence indicat[ing] that the claimant [was] disabled."  Id. at 236-37.  Earlier in its decision the Goodley court remarked on the evidence supporting claimant's claim for disability:  "The medical evidence that appellant is disabled is without contradiction in the record.  That appellant's malady is largely psychological rather than physical is also uncontradicted."  Id. at 236.  Therefore, Goodley does not stand for the proposition put forth by plaintiff's attorney.

   Plaintiff's attorney artfully excluded language both before and after the quoted language in an obvious attempt to mislead the court.  Plaintiff's attorney's selective quotation from a 1979 Fifth Circuit case gives the false impression that the case

held that an RFC from a medical source was required in order to deny disability. The case in fact stands for the proposition that when there is uncontradicted medical evidence of disability, the ALJ may not reject it merely because the plaintiff's impairment is mental rather than physical. Such misrepresentation is not acceptable advocacy.

For the above reasons, plaintiff's motion to alter or amend is due to be denied. An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 30 November 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.